# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 3, 2013

The Honorable Micheal B. Murray
District Attorney, 35th Judicial District
200 South Broadway, Courthouse
Brownwood, Texas 76801

Opinion No. GA-1030

Re: Whether a justice of the peace may serve as a court-appointed investigator for an indigent defendant in a felony case
(RQ-1131-GA)

Dear Mr. Murray:

You ask whether a sitting justice of the peace may also serve as a court-appointed investigator to represent a defendant in a felony case.[1] You explain that a justice of the peace in Brown County has been added to the list of private investigators that may be appointed to felony cases when a defendant is indigent, and you question whether "an appearance of impropriety, conflict of interest or violation of law exists" in that instance. Request Letter at 1. You note specific provisions in the Government Code, the Occupations Code, and the Code of Judicial Conduct that you suggest may prohibit such dual service. Brief at 2–5. In addition, both the Texas Constitution and the common-law doctrine of incompatibility restrict dual office-holding in certain circumstances. We therefore address whether these provisions prohibit a justice of the peace from serving as a court-appointed investigator in a felony case.

Article 16, section 40 of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art XVI, § 40(a). Justices of the peace, however, are expressly excepted from this provision, so article 16, section 40 does not apply to the situation about which you ask. *Id.*

The common-law doctrine of incompatibility also prohibits the simultaneous holding of two positions in certain instances. The conflicting-loyalties prong of the incompatibility doctrine "prohibits an individual from simultaneously holding two positions that would prevent him . . . from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-0840 (2011) at 2. It is well established that, in order for conflicting-loyalties incompatibility to apply, each position must constitute an "office." *Id.* An officer, for purposes

---

[1]*See* Letter and Brief from Honorable Micheal B. Murray, Dist. Att'y, 35th Jud. Dist., to Honorable Greg Abbott, Tex. Att'y Gen. (June 3, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter" and "Brief").

of incompatibility analysis, has a sovereign function of government that is exercised for the benefit of the public largely independent of the control of others. *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). Prior opinions from this office have concluded that "a person is not ordinarily an officer if his or her actions are subject to control by a superior body, for in such instance," the person is not exercising authority "largely independent of the control of others." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 3 (citation omitted). Because the actions of the investigator will ultimately be subject to the control of the court that appoints him or her, the investigator is not an officer for purposes of incompatibility. Thus, conflicting-loyalties incompatibility does not bar a justice of the peace from serving as a court-appointed investigator.[2]

We next address the statutory provisions raised in your request letter. Government Code chapter 27 provides the statutory framework for justices of the peace and outlines their duties and responsibilities. TEX. GOV'T CODE ANN. §§ 27.001–.061 (West 2004 & Supp. 2012). You note that under Government Code section 27.001, "[e]ach justice of the peace must give a bond . . . conditioned that the justice will . . . faithfully and impartially discharge the duties required by law." *Id.* § 27.001(1) (West 2004); Brief at 3. The purpose of section 27.001 is to require a bond to ensure justices of the peace perform their duties in an impartial manner. TEX. GOV'T CODE ANN. § 27.001 (West 2004). You suggest that when serving as a court-appointed private investigator in felony cases, a justice of the peace will be incapable of impartiality. Brief at 6. Although there may be specific circumstances that would prohibit a justice of the peace who is also serving as a court-appointed investigator from performing his duties impartially, we can identify no inherent conflict between the two positions. Thus, while a justice of the peace must always ensure he is able to faithfully and impartially discharge his duties, Government Code chapter 27 does not ban a justice of the peace from serving as an investigator in all felony cases.

You also suggest that the Private Security Act (the "Act") may prohibit a justice of the peace from serving as an investigator. *Id.* at 4–5. Codified in chapter 1702 of the Occupations Code, the Act establishes the requirements for private investigator licensees. TEX. OCC. CODE. ANN. §§ 1702.001–.406 (West 2012). You point to section 1702.130, which provides that a license holder may not "use a title, an insignia, or an identification card, wear a uniform, or make a statement with the intent to give an impression that the person is connected with the federal government, a state government, or a political subdivision of a state government." *Id.* § 1702.130(a)(1); Brief at 5. While this provision would prohibit a justice of the peace who is licensed as a private investigator from suggesting any connection to state or county government while acting as an investigator, the language of section 1702.130 does not prohibit a licensed

---

[2]Of course, a justice of the peace could not appoint himself or herself as a court-appointed investigator without creating an impermissible conflict of interest. You ask only about appointments in felony cases. Request Letter at 1. Because a justice of the peace generally does not have jurisdiction over felony cases, we assume your concern is not with self-appointment. *See generally* TEX. GOV'T CODE ANN. § 27.031 (West Supp. 2013) (jurisdiction of justice courts); TEX. CODE CRIM. PROC. ANN. art. 4.11 (West Supp. 2013) (criminal jurisdiction of justice courts).

investigator from simultaneously serving in a separate governmental position. *See* Tex. Att'y Gen. Op. No. GA-0435 (2006) at 7 (concluding that a reserve peace office may not wear his official uniform while serving as a private security officer).

Finally, you suggest that the Code of Judicial Conduct may prohibit a justice of the peace from serving as an investigator. Brief at 2–3. Specifically, you point to Code of Judicial Conduct Canons 1 and 2, which require an "independent and honorable judiciary," and prohibit a judge from "lend[ing] the prestige of judicial office to advance the private interests of the judge." TEX. CODE JUD. CONDUCT, Canons 1, 2(B), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B (West 2013). You also point to Canon 4(D)(1), which prohibits a judge, including a justice of the peace, from "financial and business dealings that tend to reflect adversely on the judge's impartiality, . . . or involve the judge in frequent transactions with lawyers or persons likely to come before the court on which the judge serves." *Id.*, Canon 4(D)(1).

The State Commission on Judicial Conduct (the "Commission") is responsible, in the first instance, for applying the judicial canons to specific conduct by judges, including justices of the peace. *See* TEX. CONST. art. V, § 1-a(2), (6)(A), (7), (8); *see also* TEX. GOV'T CODE ANN. §§ 33.001–.051 (West 2004 & Supp. 2012) (establishing the Commission and setting out its powers and duties). When previously asked whether a justice of the peace could continue to administer polygraph examinations for the district attorney's office, this office determined that such questions were not appropriate for this office but must instead be left to the Commission. Tex. Att'y Gen. Op. No. GA-0551 (2007) at 4. Likewise, in this instance, it is for the Commission to determine whether dual service as a justice of the peace and a court-appointed investigator would violate the Code of Judicial Conduct in specific circumstances. Whether any particular instance of dual service creates an impermissible or inadvisable conflict of interest or loyalty is not a question we address here.

## S U M M A R Y

Chapter 27 of the Government Code does not directly prohibit a justice of the peace from simultaneously serving as a court-appointed investigator. Whether the Code of Judicial Conduct prohibits such dual service is a question for the State Commission on Judicial Conduct to determine in the first instance. Whether any particular instance of this dual service creates an impermissible conflict of interest or loyalty is not a question we address here.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee